*156
 
 Battle, J.
 

 Most of the objections to the award, made in the Court 'below, were addressed to the discretion of the Judge presiding in that-Court, and are admitted by the counsel,'not to be the subject of review in this -Court. The only exceptions to which our attention has been called-in the argument here, are said to be apparent upon the award itself, considered in connection with the manner and terms of the reference. It is contended, for the • defendants, that the reference, having-been made of a.cause pending in Court, and by a rule-of that Court, the award-does not dispose of all the matters which were thus referred, and that it is not responsive to all the issues made by the pleadings. The argument fails, as we think, upon both the points to which the exception relates.
 

 The counsel -insists that -as ■ the reference embraced “ all matters in controversy” in thi-s-and two other - suits, in -which the present plaintiff was defendant, and the present defendants were plaintiffs, the arbitrators were bound to determine by their award, the boundaries -of the lands of the parties, and to fix the dividing line between them. The action in the case, before us, is the only one necessary for us to consider, as the other two have been disposed -of in the Court below. It was an action of trespass,
 
 qua/re elansumi
 
 fregit, to which the defendants pleaded the general issue of not guilty, license, accord and satisfaction, and the statute of-limitations. The submission to arbitration being-by a rule of-Court, “ embraced the matter, and that only which the pleadings of the parties brought into contestation -before the Court,” as was expressly said in
 
 Hardin
 
 v. Beaty, 4 Dev. and Bat. Rep. 381. The land, upon which the-trespass -was alleged to have been committed, was necessarily described in the.-plaintiff’s declaration, and as the verd-ict-of a jury in favor of the plaintiff, need not have set out -the ¿boundaries of the .land, nor have fixed the dividing line» between the parties, neither was it necessary for the award ■ of the arbitrators to have done so. Here, however, the arbitrators* seem to-havegone further than
 
 *157
 
 was necessary, and to have done every thing for which the defendants have contended.
 

 The other ground of exception that the arbitrators have not disposed of all the issues raised by the pleadings is equally untenable. The award, after finding that the title of the land, whieh was a matter of dispute in all the three cases, was in the plaintiff in the present suit, proceeds to assess the amount of damages to which he is entitled, and directs the defendant to pay them, together with all the costs. This is, in legal effect, the same as the verdict of a jury, finding all' the issues in favor of the plaintiff, and, thereupon, assessing the amount of his damages. In the ease of
 
 Carter
 
 v.
 
 Sams, 4
 
 Dev. and Bat. Rep., 182, it was said that the Court will always intend every thing in favor of an award, and will give such a construction to it, that it may be supported if possible. There, the action was trespass on the case for a malicious prosecution, to which the defendant pleaded, “not guilty.” It was referred by a rulé of Court to- arbitration, and the referees returned an award, stating that, “we agree that the defendant pay all costs and assess the plaintiff’s damage to one hundred dollars.”' The Court held' the award to be sufficient, and that it meant that the defendant was awarded to pay to the plaintiff one-hundred dollars, and also his costs expended in the cause referred. In that case, there was no- direct finding on the issue “ not guilty,” but it was taken to be included in the award which assessed damages for the plaintiff. Upon the same principle, the award of damages and costs to the plaintiff, in the present case, must be held to- include a finding of all the issues in his favor, and of course, against the defendant.
 

 Per Curiam,
 

 Judgment affirmed-.